(R.D. 11508)

UNICO ENTERPRISES *v.* UNITED STATES

Entry No. 29256, etc.

(Decided April 11, 1968)

*Glad & Tuttle* for the plaintiff.
*Edwin L. Weisl, Jr.* Assistant Attorney General, for the defendant.

WATSON, Judge: These appeals for reappraisement have been submitted upon the following stipulation entered into between the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the appeals for reappraisement enumerated in the attached Schedule "A" where in Unico Enterprises Ltd., appears as the shipper on the Special Customs Invoices consists of plastic artificial flowers and tissue boxes and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment, to the United States, were the invoice unit prices, plus the export charges as invoiced, net packed.

2. That the merchandise covered by the appeals for reappraisement enumerated in the attached Schedule "A" in entries 29256 in R62/4411 and 39019 in R62/6127 wherein Genplas Industrial Co. Ltd. appears as the shipper consists of plastic artificial flowers, and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or offered

for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade for exportation to the United States, including all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit prices less the Marine insurance premium as invoiced, net packed.

3. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

4. That the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

5. That the appeals for reappraisement enumerated in the attached Schedule "A" may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the merchandise here involved and that such value is as follows:

As to the merchandise covered by the appeals for reappraisement enumerated in schedule "A," attached hereto and made a part hereof, wherein Unico Enterprises, Ltd., appears as the shipper on the Special Customs Invoices, said values for purposes of appraisement were the invoice unit prices, plus the export charges as invoiced, net packed, and that the values of the merchandise covered by the appeals for reappraisement enumerated in the attached schedule "A" in entries 29256 in R62/4411 and 39019 in R62/6127 wherein Genplas Industrial Co., Ltd., appears as the shipper, were the invoice unit prices, less the marine insurance premium as invoiced, net packed.

Judgment will issue accordingly.